Turley, J.
delivered the opinion of the court.
The points to be determined by this court depend upon the correctness or incorrectness of the charge given to the jury by the court below, and are 1st. Whether the plaintiffs, William S. and Elisha Floyd, being purchasers of the prop-, erty in dispute under execution sale, are bound to produce as evidence of their title, a bill of sale from the constable who sold it? We think not, and without entering into an argument to show the correctness of this opinion, are satisfied with referring to this same case, reported in 8 Yer. Rep. 484, and reaffirming the doctrine there laid down on this point,
2. Whether if the defendant, Goodwin, purchased the property by a contract with the plaintiff in the execution under which he claims, that he was not to pay the price bid for it, unless he was able to hold it by law, would vitiate the sale?
It is said that it would, because there can be no sale without a price paid or to be paid. This is unquestionably the law, but as we think, does, not apply to this case, because *521 there was no sale from the plaintiff in the execution to Good- • i , - r . . win, but. a sale from the defendant in the execution made the sheriff whom the law constitutes his agent for that purpose, and the consideration paid therefor is a satisfaction of the judgment against him 'to the amount bid for the property, and therefore there is á sufficient consideration to transfer the property, if there be nothing else to prevent it.
There is nothing in the common law or any of the statutes passed to prevent champerty and maintenance, which can be held as applicable to the question under consideration, and if such contracts are considered as criminal or dangerous in their tendency, the legislature must provide for them.
The judgment will be reversed and the case remanded.
Judgment reversed.